UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUDY R. MANTHEI, M.D.,<br><br>                       Plaintiff,<br><br>v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>                       Defendants. | Case No. 2:13-cv-1218-APG-NJK<br><br>**ORDER**<br><br>(Plf.'s Motion to Remand – dkt. # 12) |

## I. SUMMARY

Before the Court is Plaintiff's Motion to Remand. (Dkt. # 12.) The Court has also considered Defendant's Opposition and Plaintiff's Reply. (Dkt. # 15, 16.) For the reasons discussed below, the motion is denied.

## II. BACKGROUND

This case arises out of the alleged denial of insurance benefits. On May 8, 2013, Plaintiff filed suit in Nevada state court alleging two claims: (1) breach of contract and (2) bad faith. Plaintiff sought general, compensatory, and punitive damages, and interest and attorneys' fees. (Dkt. # 1, Ex. 1.) On July 10, 2013, Defendant timely filed a notice of removal. (*Id.*) In its notice of removal, Defendant stated the benefits in question totaled at least $72, 859.05. (*Id.*) Defendant also stated that the additional bad faith claim, punitive damages, and attorneys' fees push the amount in controversy over the $75,000.00 jurisdictional threshold. (Id.)

## III. DISCUSSION

### A. Legal Standard

A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988). A district court must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). To establish subject matter jurisdiction pursuant to diversity of citizenship, a defendant removing a case to federal court must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). In cases removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Gaus*, 980 F.2d at 566. Where the complaint does not specify the amount of damages sought, the removing defendant must prove that it is "more likely than not" that the amount in controversy satisfies the federal diversity jurisdictional amount requirement. *Id.* at 566–67; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

### B. Analysis

Plaintiff seeks remand arguing that Defendant has failed to meet its burden to show the amount in controversy satisfies the federal diversity jurisdictional amount. Plaintiff takes issue

2

with Defendant's Answer, which denies all liability on the bad faith claim. Plaintiff argues that Defendant should not be allowed to deny liability on the bad faith claim and use the same claim to meet the jurisdictional amount. Defendant responds offering evidence of recent verdicts in similar cases showing bad faith, future benefits, and punitive damages awards well into the hundreds of thousands of dollars. Defendant argues this evidence shows it is "more likely than not" that the bad faith and punitive damages claims push the amount in controversy over the jurisdictional limit. Alternatively, Defendant contends that should the Court be inclined to remand the case, the Court should enter an order establishing that Plaintiff has not been damaged in excess of $75,000.00.

Both sides offer nonsensical arguments in support of their respective positions. In support of the Motion to Remand, Plaintiff argues that Defendant cannot deny liability on claims putting the amount in controversy over $75,000.00 and also seek diversity removal based on those claims. To accept Plaintiff's position would effectively force defendants to concede liability in order to ever meet the amount in controversy threshold in order to remove. *See Miles v. State Farm Mut. Auto. Ins. Co.*, No. CV–N–98–225–DWH(RAM), 27 F.Supp.2d 1246, 1247 (D. Nev. Nov. 25, 1998) ("Plaintiff's motion for remand argues that because defendant denies liability for as much as the jurisdictional amount the case should be remanded unless defendant stipulates away that denial. Plaintiff asks too much. Diversity jurisdiction depends only on an amount in *controversy*; it is unnecessary for the parties to be in agreement on liability for that amount."). On the other side, in opposing the Motion to Remand, Defendant would consent to remand so long as the Court enters an order establishing that Plaintiff had not been damaged in excess of $75,000.00. This argument is as equally illogical as Plaintiff's argument because it ignores the fact that if there was no diversity jurisdiction, the Court has no authority to enter such an order.

In this case, the Court may consider all of Plaintiff's claims because they are all in controversy. *See Schunk v. Moline, Milburn & Stoddard Co.*, 147 U.S. 500, 503 (1893) ("Although there might be a perfect defense to the suit for at least the amount not yet due, yet the fact of a defense, and a good defense, too, would not affect the question as to what was the

amount in dispute."). Additionally, in determining the amount in controversy, the Court may consider any request for punitive damages and attorneys' fees. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Here, the parties generally agree that the amount in controversy on the breach of contract claim is $71,082.00, exclusive of interest. Therefore, the Defendant must show it is "more likely than not" that the remaining claims for bad faith, punitive damages, and attorneys' fees exceed $3,918.00.

Defendant has carried its burden. Recent similar insurance bad faith verdicts have well-exceeded $3,918.00. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (a district court may consider similar state cases in determining the amount in controversy). Next, as Nevada law does not cap punitive damages in bad faith insurance claims, except as limited by constitutional due process, Defendant has shown that the punitive damages claim by itself would "more likely than not" carry the amount in controversy over the jurisdictional threshold. *See* Nev. Rev. Stat. § 42.005(2)(b). Thus, removal was proper and the motion is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Dkt. # 12) is DENIED.

DATED THIS 6th day of February 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4